OFFICE COPY

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRCIT OF NEW YORK
------------------------------------------------------------X

CRP/CAPSTONE 14W PROPERTY OWNER, LLC,

        CASE NO. 07 Civ. 7165 (PKC)

        Plaintiff,

- against -

        **AMENDED COMPLAINT**

MORGAN FUNDING, INC.,

        Defendants.

------------------------------------------------------------X

Plaintiff CRP/Capstone 14W Property Owner, LLC (the "Landlord"), by its undersigned attorneys, alleges for its Amended Complaint against Defendant Morgan Funding, Inc. ("MFI") as follows:

### Parties and Jurisdiction

1. Landlord, a Delaware limited liability company that is licensed to business in New York, is the owner of the premises located at 14 Wall Street, New York, New York (the "Building"), which is its principal place of business. Landlord's constituent members are Capstone Equities Real Estate Fund I, L.P., a Delaware limited partnership and CRP 14W, L.L.C., a Delaware limited liability company (the "Members"). None of the Members or their constituent entities or persons, are citizens of the State of New Jersey.

2. Upon information and belief, MFI is a New Jersey Corporation with its principal place of business located at 26 Journal Square, Jersey City, New Jersey. This Court has jurisdiction of MFI because it entered into a contract in and transacted business in New York.

3. This Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because this action is between citizens of different states and involves an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

4. Venue in this Court is appropriate pursuant to 42 U.S.C. § 1391(a), because the United States District Court for the Southern District of New York is the judicial district where the real property at issue is located and where Defendant conducted business.

## Facts Common To All Causes of Action

### The Lease

5. On or about December 9, 2003, MFI entered into a lease agreement with the Building's then owner W12/14 Wall Realty LLC, (the "Lease") for office space on the 8th Floor of the Building (the "Demised Premises").

6. On or about January 12, 2007, Landlord executed an agreement to purchase the Building and thereafter became the owner of Building.

7. As part of its purchase of the Building, Landlord assumed all the leases that were then in effect, including MFI's Lease.

8. Articles 38 and 39 of the Lease required the MFI to pay a base rent of $245,353.68 per year ($20,446.14 per month) for the first year of the Lease term, $249,810.75 per year ($20,817.56 per month) for the second year of the lease term, $254,356.97 ($21,196.41 per month) thereafter until the expiration of the Lease and certain other charges and building expenses defined by the Lease as "additional rent" (collectively referred to herein as "Rent").

9. Pursuant to Article 38 of the Lease, Rent is to be timely paid in advance of the first day of each and every calendar month during the term of the Lease.

10. In the event Rent is not paid by MFI within five days of when it is due, Article 51(c) of the Lease requires MFI to pay to Landlord a late charge equal to 5% of the amount of the Rent payment and to pay interest at a rate of the lesser between 5% over the Prime Rate or the maximum rate that can be charged to parties of the same legal capacity as MFI (collectively "Late Charges").

11. Article 52 of the Lease also required MFI to provide a security deposit of $21,875.00, which could be drawn on by Landlord in the event MFI defaulted on any covenant in the Lease.

12. Article 51(D) of the Lease also entitles Landlord to seek recovery of any expenses, including attorney's fees, incurred as a result of any defaults by MFI, including its failure to pay Rent.

13. Finally, section 51(F)(a) of the Lease provides *inter alia* that upon any termination of the Lease as result of MFI's default, Landlord shall be entitled to immediately recover from MFI the balance of Rent owed by MFI for the remainder of the Lease term as liquidated damages (the "Acceleration Remedy").

**MFI's Breaches of the Lease**

14. After its purchase of the Building had closed, on or about May 1, 2007, Landlord sent MFI an invoice demanding payment in the amount of $62,297.88, which included charges for amounts owed but not collected by the Building's previous owner, MFI's required security deposit and MFI's May 2007 Rent.

15. MFI did not pay any of the amounts described in the May 1, 2007, invoice, or challenge it any way.

16. On or about June 1, 2007, Landlord sent MFI another invoice demanding payment in the amount of $83,345.48, which amount included the previously unpaid charges plus MFI's June 2007 Rent.

17. MFI did not pay any of the amounts demanded in the June 1, 2007 invoice, or challenge it any way.

18. On or about July 1, 2007, Landlord through its managing agent CB Richard Ellis ("CBRE") sent MFI another invoice payment in the amount of $104,393.08, which amount included the previously unpaid charges plus MFI's July 2007 Rent.

19. MFI did not pay any of the amounts demanded in the July 1, 2007 invoice, or challenge it any way.

20. Accordingly, on July 6 and 12, 2007, Landlord's counsel sent MFI a notice of default, advising that MFI's failure to pay rent constituted a default pursuant to sections 17(1) and 51(b) of the Lease and requesting that MFI cure within the period prescribed by the Lease.

21. MFI did not respond to the notice of default nor pay any of the amounts it owed to Landlord.

22. At that time, CBRE was asked to make inquiries with Building personnel regarding MFI.

23. It was then discovered by CBRE that on or about the beginning of June 2007, MFI had transported certain boxes and computer equipment out of the Building.

24. Upon being approached by Building personnel, a man identifying himself as David Masten ("Masten") of MFI, informed them that he was just moving some computer equipment to MFI's New Jersey office.

35. Landlord was damaged by said breach in the amount of $104,393.08 plus Late Charges.

36. MFI further breached the Lease by abandoning the Demised Premises prior to the expiration of the Lease.

37. As a result of MFI's breaches and failure to pay Rent, Landlord properly terminated the Lease, triggering the Acceleration Remedy.

38. Landlord is thus entitled to recover at least $336,490.61 for the balance of the Lease term as liquidated damages pursuant to the Acceleration Remedy.

39. Pursuant to the Lease, Landlord is further entitled to recover its costs and expenses incurred as a result of MFI's breaches, including its attorney's fees in this action.

WHEREFORE, CRP/Capstone 14W Property Owner, LLC respectfully request judgment on its Complaint in an amount of at least $440,883.69, plus additional rent, late charges, interest, attorneys fees, and other expenses, which precise amount Landlord respectfully requests leave to prove at the trial of this action based on the relevant facts and circumstances then applying, together with such other relief as the Court deems just and proper.

Dated: New York, New York
October 3, 2007

           Morrison Cohen LLP
           Attorneys for Plaintiffs

By: _____
     Y. David Scharf (YDS-0910)
     Ethan R. Holtz (EH-3324)
     909 Third Avenue
     New York, New York 10022
     (212) 735-8600

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CRP/CAPSTONE 14 W PROPERTY OWNER, LLC,

                Plaintiff,                Case No. 07 Civ. 7165 (PKC)

   -against-                                 **AFFIDAVIT OF SERVICE**

MORGAN FUNDING, INC.,

                Defendant.
----------------------------------------------------------------X

STATE OF NEW YORK  )
                           ) ss.:
COUNTY OF NEW YORK  )

The undersigned being duly sworn, deposes and says:

1.    Deponent is not a party to the action, is over 18 years of age and resides in Mount Vernon, New York.

2.    On the 3rd day of October, 2007, deponent served the attached Amended Complaint, via facsimile, upon (see facsimile confirmation attached):

        Paul H. Appel, Esq.
        Paul H. Appel, PC
        277 Broadway, Suite 408
        New York, New York 10007

And by causing a true copy of same to be deposited in a postpaid First Class Mail on October 4, 2007 in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the state of New York.

                                                            Shelia L. Cavness

Sworn to before me this
4th day of October, 2007

_____
Notary Public

HECTOR GONZALEZ
Notary Public, State of New York
No. 01GO5067446
Qualified in Bronx County
Certificate filed in New York County
Commission Expires Oct. 19, 20__

#960551 v1 \19359 \027

```
                                                                    P  1
                              TX Report                    10/03/2007 12:30
                                                           Serial No. 50GE04741
                                                                TC:     328613
```

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 12127420570 | 10-03 12:27 | 00:02:31 | 008/008 | OK | |

Note    TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX,
        MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX,
        BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential,
        BUL: Bulletin, SIP: SIP-Fax, IPADR: IP Address Fax, I-FAX: Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full: Memory Full,
        LOVR: Receiving length Over, POVER: Receiving page Over, FIL: File Error,
        DC: Decode Error, MDN: MDN Response Error, DSN: DSN Response Error.

# MorrisonCohen LLP

### FACSIMILE

Note: the information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named below. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and immediately return the original message and all enclosures to us at the above address by mail. Thank you.

**Privileged & Confidential**

| | | |
|---|---|---|
| Date: October 3, 2007 | # of pages (including this sheet): | 8 |
| Time: 12:11 PM | Client/Matter #: | 19359-027 |

**Send to:**

| Name: | Company: | Facsimile # | Telephone # |
|---|---|---|---|
| To: Paul H. Appel, Esq. | Paul H. Appel, P.C. | 212-742-0570 | |

**From:**

Name:   Ethan R. Holtz, Esq.

Sender's Direct Dial #   (212) 735-8601

**Comments to Receiver:**

Our facsimile number is 212.735.8708
Please contact the copy center at 212.735.8655 if there are any problems with this transmission.

New York, NY 10022 - 4731 • p:212.735.8600 • f:212.735.8708 • www.morrisoncohen.com

# MorrisonCohen LLP

## FACSIMILE

Note: the information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named below. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and immediately return the original message and all enclosures to us at the above address by mail. Thank you.

**Privileged & Confidential**

| | | |
|---|---|---|
| Date: | October 3, 2007 | # of pages (including this sheet): 8 |
| Time: | 12:11 PM | Client/Matter #: 19359-027 |

**Send to:**

| | Name: | Company: | Facsimile # | Telephone # |
|---|---|---|---|---|
| To: | Paul H. Appel, Esq. | Paul H. Appel, P.C. | 212-742-0570 | |

**From:**

Name:    Ethan R. Holtz, Esq.

Sender's Direct Dial #    (212) 735-8601

**Comments to Receiver:**

Our facsimile number is 212.735.8708
Please contact the copy center at 212.735.8655 if there are any problems with this transmission.

909 Third Avenue, New York, NY 10022 - 4731   •   p:212.735.8600   •   f:212.735.8708   •   www.morrisoncohen.com

# MorrisonCohen LLP

Ethan R. Holtz
Associate
(212) 735-8601
eholtz@morrisoncohen.com

October 3, 2007

<u>FAX (212) 742-0570</u>

Paul H. Appel, Esq.
Paul H. Appel, PC
277 Broadway, Suite 408
New York, New York 10007

Re:   <u>Capstone v. Morgan Funding, Inc. ("MFI") (Case No. 07 Civ. 7165 (KPC))</u>

Dear Mr. Appel:

Enclosed pursuant to the Court's Order is Plaintiff's Amended Complaint. Please advise if you are authorized to accept service on behalf of MFI, or if I should arrange for service on it directly. Also, please advise if you will be attending the pretrial conference with Judge Castel on Friday.

Sincerely,

Ethan R. Holtz

CC:   Y. David Scharf, Esq.
      CRP/Capstone 14W Property Owner

#958334 v1 \19359 \027