```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12·20·07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CRP/CAPSTONE 14W PROPERTY OWNER, LLC,

                Plaintiff,                07 Civ. 7165 (PKC)

    -against-

                                          ORDER

MORGAN FUNDING, INC.,

                Defendant.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        I conducted a pretrial conference this morning at which only plaintiff's counsel was in attendance. I was informed that plaintiff had, pursuant to the Court's direction, filed a further amended complaint to correct deficiencies in the jurisdictional allegations. Plaintiff's counsel was unable to furnish the Court with a copy of the Second Amended Complaint, a minor oversight, but assured the Court that the deficiencies had been cured. Upon a review of the Second Amended Complaint, it is apparent that the defects in the jurisdictional allegations have not been cured.

        Specifically, plaintiff CRP/CAPSTONE 14W Property Owner LLC (the "LLC") brought this action invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. The complaint failed to allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company. See Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000), citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998); Strother v. Harte, 171 F.Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company

has the citizenship of each of its members."). Plaintiff has now alleged that the constituent members are a Delaware limited partnership and a Delaware limited liability company. This does not solve the deficiencies in jurisdictional allegations. LLCs and limited partnerships are not themselves citizens for diversity purposes. The citizenship of constituent members whether natural persons or corporations must be alleged. If a constituent member is an LLC or limited partnership, then the allegations must be taken through successive layers to the ultimate members who are capable of having a citizenship, i.e. natural persons and/or corporations. In the case of a natural person, the citizenship of that person, i.e. the domicile and not the residence (as is presently set forth in paragraph 1 of the Second Amended Complaint), must be alleged. In the case of a corporation, the place of incorporation and the principal place of business must both be alleged.

These are facts within the knowledge of the plaintiff. The original deficiency having been called to counsel's attention, it is tedious, to say the least, to be required to continue the seminar on federal practice. Counsel's examination of case law would have been helpful. The deficiencies are not technical shortcomings; they go to the heart of whether this Court has subject matter jurisdiction.

Plaintiff will be given one final opportunity to further amend to cure the deficiencies in the jurisdictional allegations. The action will be dismissed unless the complaint is amended by January 11, 2008 to cure the deficiencies in the jurisdictional allegations.

The next pretrial conference is February 29, 2008 at 10:00 a.m.

SO ORDERED.

P. Kevin Castel
United States District Judge