RECEIVED DEC 21 2007 U.S.D.C. S.D. N.Y. CASHIERS

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRCIT OF NEW YORK
------------------------------------------------------------X

CRP/CAPSTONE 14W PROPERTY OWNER, LLC,

                                 Plaintiff,

- against -

MORGAN FUNDING, INC.,

                                 Defendants.

------------------------------------------------------------X

CASE NO. 07 Civ. 7165 (PKC)

**THIRD AMENDED COMPLAINT**

Plaintiff CRP/Capstone 14W Property Owner, LLC (the "Landlord"), by its undersigned attorneys, alleges for its Amended Complaint against Defendant Morgan Funding, Inc. ("MFI") as follows:

### Parties and Jurisdiction

1. Landlord, a Delaware limited liability company that is licensed to business in New York, is the owner of the premises located at 14 Wall Street, New York, New York (the "Building"), which is its principal place of business. Landlord's constituent members are Capstone Equities Real Estate Fund I, L.P., a Delaware limited partnership and CRP 14W, L.L.C., a Delaware limited liability company (the "Members"). The constituent members of the Members are: Joshua Zamir, a domiciliary of the State of New York; Daniel Ghadamian, a domiciliary of the State of New York; Mark Schoenfeld, a domiciliary of the State of Virginia; and Robert Stuckey, a domiciliary of the State of Virginia.

#954986 v1 \19359 \027

2. Upon information and belief, MFI is a New Jersey Corporation with its principal place of business located at 26 Journal Square, Jersey City, New Jersey. This Court has jurisdiction of MFI because it entered into a contract in and transacted business in New York.

3. This Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because this action is between citizens of different states and involves an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

4. Venue in this Court is appropriate pursuant to 42 U.S.C. § 1391(a), because the United States District Court for the Southern District of New York is the judicial district where the real property at issue is located and where Defendant conducted business.

### Facts Common To All Causes of Action

**The Lease**

5. On or about December 9, 2003, MFI entered into a lease agreement with the Building's then owner W12/14 Wall Realty LLC, (the "Lease") for office space on the 8th Floor of the Building (the "Demised Premises").

6. On or about January 12, 2007, Landlord executed an agreement to purchase the Building and thereafter became the owner of Building.

7. As part of its purchase of the Building, Landlord assumed all the leases that were then in effect, including MFI's Lease.

8. Articles 38 and 39 of the Lease required the MFI to pay a base rent of $245,353.68 per year ($20,446.14 per month) for the first year of the Lease term, $249,810.75 per year ($20,817.56 per month) for the second year of the lease term, $254,356.97 ($21,196.41 per month) thereafter until the expiration of the Lease and certain other charges and building expenses defined by the Lease as "additional rent" (collectively referred to herein as "Rent").

9. Pursuant to Article 38 of the Lease, Rent is to be timely paid in advance of the first day of each and every calendar month during the term of the Lease.

10. In the event Rent is not paid by MFI within five days of when it is due, Article 51(c) of the Lease requires MFI to pay to Landlord a late charge equal to 5% of the amount of the Rent payment and to pay interest at a rate of the lesser between 5% over the Prime Rate or the maximum rate that can be charged to parties of the same legal capacity as MFI (collectively "Late Charges").

11. Article 52 of the Lease also required MFI to provide a security deposit of $21,875.00, which could be drawn on by Landlord in the event MFI defaulted on any covenant in the Lease.

12. Article 51(D) of the Lease also entitles Landlord to seek recovery of any expenses, including attorney's fees, incurred as a result of any defaults by MFI, including its failure to pay Rent.

13. Finally, section 51(F)(a) of the Lease provides *inter alia* that upon any termination of the Lease as result of MFI's default, Landlord shall be entitled to immediately recover from MFI the balance of Rent owed by MFI for the remainder of the Lease term as liquidated damages (the "Acceleration Remedy").

**MFI's Breaches of the Lease**

14. After its purchase of the Building had closed, on or about May 1, 2007, Landlord sent MFI an invoice demanding payment in the amount of $62,297.88, which included charges for amounts owed but not collected by the Building's previous owner, MFI's required security deposit and MFI's May 2007 Rent.

15. MFI did not pay any of the amounts described in the May 1, 2007, invoice, or challenge it any way.

16. On or about June 1, 2007, Landlord sent MFI another invoice demanding payment in the amount of $83,345.48, which amount included the previously unpaid charges plus MFI's June 2007 Rent.

17. MFI did not pay any of the amounts demanded in the June 1, 2007 invoice, or challenge it any way.

18. On or about July 1, 2007, Landlord through its managing agent CB Richard Ellis ("CBRE") sent MFI another invoice payment in the amount of $104,393.08, which amount included the previously unpaid charges plus MFI's July 2007 Rent.

19. MFI did not pay any of the amounts demanded in the July 1, 2007 invoice, or challenge it any way.

20. Accordingly, on July 6 and 12, 2007, Landlord's counsel sent MFI a notice of default, advising that MFI's failure to pay rent constituted a default pursuant to sections 17(1) and 51(b) of the Lease and requesting that MFI cure within the period prescribed by the Lease.

21. MFI did not respond to the notice of default nor pay any of the amounts it owed to Landlord.

22. At that time, CBRE was asked to make inquiries with Building personnel regarding MFI.

23. It was then discovered by CBRE that on or about the beginning of June 2007, MFI had transported certain boxes and computer equipment out of the Building.

24. Upon being approached by Building personnel, a man identifying himself as David Masten ("Masten") of MFI, informed them that he was just moving some computer equipment to MFI's New Jersey office.

25. Building personnel instructed Masten to wait and not to remove anything from the Demised Premises, as no notice had been given and proper Building rules and regulations were not being followed.

26. While Building personnel was checking Masten's story, Masten removed the equipment form the Building and did not return.

27. The Demised Premises have not been re-entered by anyone from MFI.

28. The foregoing events were communicated to Landlord in or about late July 2007.

29. Accordingly, on July 27, 2007, Landlord's counsel sent notice to MFI pursuant to sections 17(1) and 51(b) that because of MFI's breaches for failure to pay Rent, its failure to take any action in response to the earlier default notice and its abandonment of the Demised Premises, Landlord was terminating MFI's Lease.

30. Upon Landlord's rightful termination of the Lease, MFI became liable to Landlord for the balance of Rent due for the full term of the Lease pursuant to the Acceleration Remedy.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 as if re-stated fully hereat.

32. The Lease was a valid and enforceable contract between Landlord and MFI.

33. Landlord fully performed all of its obligations required by the Lease.

34. MFI breached the Lease by failing to pay Rent in the amounts demanded by Landlord's May, June and July invoices.

35. Landlord was damaged by said breach in the amount of $104,393.08 plus Late Charges.

36. MFI further breached the Lease by abandoning the Demised Premises prior to the expiration of the Lease.

37. As a result of MFI's breaches and failure to pay Rent, Landlord properly terminated the Lease, triggering the Acceleration Remedy.

38. Landlord is thus entitled to recover at least $336,490.61 for the balance of the Lease term as liquidated damages pursuant to the Acceleration Remedy.

39. Pursuant to the Lease, Landlord is further entitled to recover its costs and expenses incurred as a result of MFI's breaches, including its attorney's fees in this action.

WHEREFORE, CRP/Capstone 14W Property Owner, LLC respectfully request judgment on its Complaint in an amount of at least $440,883.69, plus additional rent, late charges, interest, attorneys fees, and other expenses, which precise amount Landlord respectfully requests leave to prove at the trial of this action based on the relevant facts and circumstances then applying, together with such other relief as the Court deems just and proper.

Dated: New York, New York
      December 20, 2007

                        Morrison Cohen LLP
                        Attorneys for Plaintiffs

By: _____
                        Y. David Scharf (YDS-0910)
                        Ethan R. Holtz (EH-3524)
                        909 Third Avenue
                        New York, New York 10022
                        (212) 735-8600

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CRP/CAPSTONE 14W PROPERTY OWNER, LLC        :

                Plaintiff,        :

  -against-        :        Case No. 07cv7165 (PKC)

MORGAN FUNDING, INC.,        :        **AFFIDAVIT OF SERVICE**

                Defendant.        :

------------------------------------------------------------------X

STATE OF NEW YORK   )
                            ) ss.:
COUNTY OF NEW YORK )

    Hector Gonzalez, being duly sworn, deposes and says:

    1.    Deponent is not a party to this action is over 18 years of age and resides in Brooklyn, New York.

    2.    On the 20th day of December, 2007, deponent served the **Third Amended Complaint** upon:

                      Morgan Funding, Inc.
                      26 Journal Square
                      Jersey City, NJ 07306

by and depositing a true copy of same enclosed in a properly addressed wrapper, in the custody of Federal Express, an overnight delivery service, prior to the latest time designated by Federal Express for overnight delivery.

                                                                    _____
                                                                       Hector Gonzalez

Sworn to before me this
20th day of December, 2007.

_____
Notary Public

                NELSON VARGAS
      NOTARY PUBLIC, State of New York
              No. 01VA6136033
         Qualified in Nassau County
    Commission Expires October 31, 2009