UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRCIT OF NEW YORK
------------------------------------------------------------X

CRP/CAPSTONE 14W PROPERTY OWNER, LLC,

              CASE NO. 07 Civ. 7165
              (PKC)

      Plaintiff,

 - against -           **AFFIDAVIT IN SUPPORT**
              **OF DEFAULT**
              **JUDGMENT**

MORGAN FUNDING, INC.,

      Defendants.

------------------------------------------------------------X

State of New York  )
         ) ss:
County of New York )

  JOSHUA ZAMIR, being duly sworn, hereby deposes and says as follows:

  1. I am the Managing Principal of Plaintiff CRP/Capstone 14W Property Owner, LLC (the "Landlord"), and I submit this affidavit, based on my personal knowledge, in support of Landlord's motion for entry of a default judgment against Defendant Morgan Funding, Inc. ("MFI"), pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rules 55.1 & 55.2.

**Relevant Facts**

  2. Landlord's claims in the instant action stem from MFI's breach of its lease agreement with Capstone's predecessor in interest, dated December 9, 2003 (the "Lease"), for office space on the 8th Floor of Capstone's property, located at 14 Wall Street, New York, New York (the "Building"). A copy of the Lease is attached as Exhibit A.

3. On or about May 1, 2007, MFI stopped paying Capstone rent as required by its Lease.

4. In or about June of 2007, MFI, without any notice to Landlord, moved out of the Building, further breaching its Lease.

5. Landlord thereafter served notices of default and termination required by the Lease, but received no response to them.

6. Left with no other choice, Landlord then commenced the instant action by filing of a summons and complaint on August 10, 2007.

7. Service was completed upon MFI on August 17, 2007. A copy of the return of service is attached as Exhibit B.

8. MFI did not thereafter in anyway respond to Capstone's complaint.

9. On August 15, 2007, the Court ordered that Capstone amend its complaint to cure certain defects in its jurisdictional allegations.

10. Capstone thereafter subsequently amended its complaint three times, the last time on December 27, 2007. Service was completed that same day. A copy of Capstone's Third Amended Complaint with Affidavit of service is attached as Exhibit C.

11. Since that time, MFI has failed to appear and respond the allegations in the Third Amended Complaint and has thus defaulted, including failure to appear at least three conferences before the Court, necessitating the instant motion.

**Capstone's Damages**

12. Articles 38 and 39 of the Lease required the MFI to pay a base rent of $245,353.68 per year ($20,446.14 per month) for the first year of the Lease term, $249,810.75 per year ($20,817.56 per month) for the second year of the lease term, $254,356.97 ($21,196.41

per month) thereafter until the expiration of the Lease and certain other charges and building expenses defined by the Lease as "additional rent" (collectively referred to herein as "Rent").

13. In the event Rent is not paid by MFI within five days of when it is due, Article 51(c) of the Lease requires MFI to pay to Landlord a late charge equal to 5% of the amount of the Rent payment and to pay interest at a rate of the lesser between 5% over the Prime Rate or the maximum rate that can be charged to parties of the same legal capacity as MFI (collectively "Late Charges").

14. Article 52 of the Lease also required MFI to provide a security deposit of $21,875.00, which could be drawn on by Landlord in the event MFI defaulted on any covenant in the Lease.

15. Article 51(D) of the Lease also entitles Landlord to seek recovery of any expenses, including attorney's fees, incurred as a result of any defaults by MFI, including its failure to pay Rent.

16. Finally, section 51(F)(a) of the Lease provides *inter alia* that upon any termination of the Lease as result of MFI's default, Landlord shall be entitled to immediately recover from MFI the balance of Rent owed by MFI for the remainder of the Lease term as liquidated damages (the "Acceleration Remedy").

17. After its purchase of the Building had closed, on or about May 1, 2007, Landlord sent MFI an invoice demanding payment in the amount of $62,297.88, which included charges for amounts owed but not collected by the Building's previous owner, MFI's required security deposit and MFI's May 2007 Rent.

18. On or about June 1, 2007, Landlord sent MFI another invoice demanding payment in the amount of $83,345.48, which amount included the previously unpaid charges plus MFI's June 2007 Rent.

19. On or about July 1, 2007, Landlord through its managing agent CB Richard Ellis ("CBRE") sent MFI another invoice payment in the amount of $104,393.08, which amount included the previously unpaid charges plus MFI's July 2007 Rent.

20. Upon Landlord's rightful termination of the Lease, MFI became liable to Landlord for the balance of Rent due for the full term of the Lease pursuant to the Acceleration Remedy.

21. At the time of the termination of the Lease, MFI had accrued $104,393.08 plus Late Charges and at least $336,490.61 for the balance of the Lease term as liquidated damages pursuant to the Acceleration Remedy.

22. Accordingly, Capstone is entitled to recovery at least $440,883.69, plus additional rent, late charges, interest, attorney's fees, and other expenses.

23. Landlord's attorney's fees incurred pursuing collection of the amount sowed to it by MFI include fees for: investigation of MFI's late payment, review of the Lease, drafting default and termination notices, drafting the complaint (as well as three amendments thereto), several court appearances for conferences and various phone calls and strategy sessions.

24. To date Landlord has incurred $12,322.60 in attorney's fees and disbursements pursuing MFI for its breaches of the Lease. Copies of our attorney's billing statements are attached as Exhibit D.

25. Accordingly, by the terms of the Lease, Landlord is entitled to a judgment of $483,155.15, representing the total amount of unpaid rent, attorney's fees and accrued interest to January 23, 2008, at a rate of 9%.

26. No part of the judgment sought has been paid.

WHEREFORE, it is respectfully requested that the Court enter judgment in favor of Capstone pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rules 55.1 & 55.2 in the amount of $483,155.15, plus interest as of the date thereof, together with such other and further relief as the Court deems just and proper.

JOSHUA ZAMIR

Sworn to before me this
31 day of January, 2008

Notary Public

JONATHAN SCHEINBERG
Notary Public, State of New York
No. 02SC6133032
Qualified in Nassau County
Commission Expires Sept. 6, 2009