UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRCIT OF NEW YORK
------------------------------------------------------------------X
                                                                           :

CRP/CAPSTONE 14W PROPERTY OWNER, LLC,

                                                                           :      CASE NO. 07 Civ. 7165 (PKC)

                                 Plaintiff,                :

         - against -                                      :      **DECLARATION IN SUPPORT OF DEFAULT JUDGMENT**

MORGAN FUNDING, INC.,                           :

                                 Defendants.      :
------------------------------------------------------------------X

        ETHAN R. HOLTZ, an attorney duly admitted to practice before the Courts of the State of New York, declares the following to be true under the penalty of perjury:

        1.     I am an associate in the law firm of Morrison Cohen LLP ("MC"), attorneys Plaintiff CRP/Capstone 14W Property Owner, LLC ("Plaintiff"). I submit this declaration in support of Plaintiff's application for an award of its attorney's fees incurred in this action.

        2.     MC was retained to commence this action after the Defendant, Morgan Funding, Inc., failed to pay its rent for space it was leasing from Plaintiff for several months and then, without warning or justification, vacated the premises with several years remaining on its lease.

        3.     Pursuant to the lease, Plaintiff is entitled to recoup its attorney's fees incurred as a result of any breach of the lease.

#1175375 v1 \19359 \027

4. At the Court's direction, this declaration is submitted to detail the reasonability of MC's billed fees in this action, which total $12,322.60.

**MC' Services**

5. Initially, upon its retention, MC investigated MF's failure to pay its rent and its covert vacating of the premises. Several calls an emails discussing the facts were had between myself, employees of Plaintiff and employee's managing agent, CB Richard Ellis.

6. Thereafter, I reviewed the terms of the lease in great detail, and drafted and served requisite notices of default upon MF.

7. Once MF failed to respond, a notice of termination was drafted and sent and I also drafted a summons and complaint to commence the instant lawsuit.

8. After the service and filing of the original summons and complaint was completed, the Complaint was amended three times.

9. Also, I made several court appearances for conferences, which MF, although noticed, did not attend.

10. There were also brief settlement negotiations between myself and representatives of MF, which ultimately led nowhere.

11. Finally, I drafted the necessary papers to request and obtain a default judgment against MF for their failure to appear. Copies of MC's billing statements detailing all the forgoing services are attached as an Exhibit D to the Affidavit of Joshua Zamir, submitted in support of Plaintiff's motion for a default judgment.

12. In total, these services amount to $12,322.60, in legal fees and disbursements billed to Plaintiff.

**MC'S Billing Rates and The Reasonability Thereof**

#1175375 v1 \19359 \027

13. Morrison Cohen LLP is a medium-sized New York City law firm with a general practice concentrating in commercial litigation, corporate, securities, tax, trusts and estates and real estate, among other specialties. The firm's litigation department is highly regarded in the legal community. We regularly litigate before the state and federal courts in New York and elsewhere.

14. The qualifications of Y. David Scharf, lead counsel in this action are as follows: he received a Bachelors of Sciences Degree from New York University's School of Business Administration and a Juris Doctorate Cum Laude from Brooklyn Law School. Mr. Scharf has served as lead counsel in numerous federal and state jury and non-jury trials. Mr. Scharf was also appointed to act as special counsel by a court appointed receiver to collect assets for victims of securities fraud and by a bankruptcy court trustee to investigate a multi-million dollar claim of alleged art theft relating to an art consignment arrangement between an artist and a prominent art gallery. Mr. Scharf am a frequent legal commentator on radio and television, and has have authored numerous articles on emerging real estate litigation issues. Mr. Scharf's billing rate in is currently $580 per hour, well below that of comparable New York trial counsel at comparable firms.

15. My qualifications, as the principal associate responsible for this matter are as follows: I received a Bachelors of Arts Degree from the University of Michigan in 1998 and a Juris Doctorate from Fordham University School of Law in 2001. I have served as second chair in several state and federal trials and have extensive experience representing commercial landlords, such as Plaintiffs in New York. My billing rate is currently $350 per hour, also well below that of associates of my experience at comparable firms in New York.

16. Mr. Scharf and I have also been assisted by various clerks and paralegals,

#1175375 v1 \19359 \027

3

whose rates range between $120-$195 per hour.

17. The United States Bankruptcy Court for the Southern District of New York has expressly found MC's rates to be reasonable in accepting a fee application in a matter entitled In re Pameco Corporation, Case No. 03-1359(ALG).

18. Accordingly, it is respectfully submitted that MC's rates are reasonable and that Plaintiff be awarded its attorney's fees and disbursements in the full amount requested.

19. To that end, attached hereto as Exhibit A, is a proposed judgment of default awarding MC its liquidated damages in the amount of $440,883.69, plus 9% interest from August 10, 2005, which continues to accrue at a rate $108.71 per day until the entry of judgment, plus attorney's fees and disbursements in the amount of for a total judgment of $475,818 as of March 5, 2008, plus 9% interest from the date of entry.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       March 5, 2008

                                          /s/ Ethan R. Holtz
                                          Ethan R. Holtz

#1175375 v1 \19359 \027

4

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRCIT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CRP/CAPSTONE 14W PROPERTY OWNER, LLC,
                                                                 :    CASE NO. 07 Civ. 7165
                                                                      (PKC)
                                                                 :
                                    Plaintiff,                   :

          - against -                                                 **DEFAULT JUDGEMENT**

                                                                 :
MORGAN FUNDING, INC.,
                                                                 :
                                    Defendants.                  :
-----------------------------------------------------------------X

      This action having been commenced on August 10, 2007, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the Defendant, Morgan Funding, Inc., on August 17, 2007, by personal service on Joanne Mendoza, authorized agent, and a proof of service having been filed on August 17, 2007, and a copy of Plaintiff's Third Amended Complaint having been served on Defendant by Federal Express on December 20, 2007, and proof of service having been filed on February 22, 2008, and the defendant not having answered the Third Amended Complaint, and the time for answering the Third Amended Complaint having expired, it is

      ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against the Defendant in the liquidated amount of $440,883.69 with interest at 9%, accruing at a rate of $108.71 per day since August 10, 2007 ($22,611.89 as of March 5, 2008), and thereafter until the entry of judgment, plus $12,322.60 in costs and attorney's fees of this action, amounting to in total $_____, plus interest at 9% upon entry of judgment.

#1157188 v1 \19359 \027

Dated: New York, New York
_____

                                                  _____
                                                              U.S.D.J.
                                      This document was entered on the docket on
                                      _____.

#1155601 v1 \19359 \027